IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KERISSA PETTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-CV-109-GKF-FHM |
| | ) | |
| DEPARTMENT OF HUMAN SERVICES; | ) | |
| ED LAKE, in his individual capacity; | ) | |
| SHANA YINGLING, in her individual | ) | |
| capacity; HALLY KIRBY, in her individual | ) | |
| capacity; and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is the Motion to Strike [Doc. No. 58] and the Motion to Seal [Doc. No. 60] of plaintiff Kerissa Petty ("Petty"). For the reasons set forth below, the motion is denied.

N.D. Okla. Civ. R. 79.1(a) expressly "disfavor[s]" the filing of "sealed documents, confidentiality agreements, and protective orders." *Id.* Rather, the court strongly prefers public filings, encompassing, if possible, "all arguments and all documents." *Id.* Indeed, parties may "generically refer[ ] to matters covered by a protective order without revealing confidential information." *Id.* Here, Petty complains that the Motion for Summary Judgment [Doc. No. 55] of defendant Shana Yingling ("Yingling") reveals information protected by a Stipulated Protective Order [Doc. No. 37] entered November 7, 2016 (the "Protective Order"). Specifically, Petty challenges the information conveyed in paragraphs four (4) through thirty (30). [Doc. No. 58, p. 2, ¶ 11]. The court is unpersuaded.

*First*, Petty lacks standing to challenge disclosures of Yingling's information. The Protective Order does not require a party "to file a document under seal" if the information "contained or reflected in the document was so designated solely by that party." [Doc. No. 39, p.

6]. And for the majority of instances identified, Yingling is a source of the information. *See* [Doc. No. 58, pp. 8–13, ¶¶ 5, 7, 9, 10, 13–18, 20–24, 26]. To that end, Petty cannot use the Protective Order as a sword "because it does not prohibit the designating party from producing its own documents" or confidential material. *See Cox v. Sherman Capital LLC*, No. 1L12-cv-1654-TWP-MJD, 2016 WL 7971711, at *2 (S.D. Ind. May 24, 2016); *see also Malibu Consulting Corp. v. Funair Corp.*, No. SA-06-CV-735-XR, 2007 WL 173668, at *4 (W.D. Tex. Jan. 18, 2007).

*Second*, any remaining information is publicly disclosed or contained in materials independently in Yingling's possession. The Protective Order provides that its "restrictions . . . shall not apply to documents or information . . . that are publicly available or that are obtained independently and under rightful means[.]" [Doc. No. 39, p. 14]. That provision applies here. Some information was revealed by Petty in her own filings. *Compare* [Doc. No. 58, pp. 8–10, ¶¶ 4, 6 11–12, 15–18] *with* [Doc. No. 22, pp. 2–4, 6, ¶¶ 5, 6–9, 18, 34] *and* [Doc. No. 65-1]. And any information or gloss Petty did not reveal was already in Yingling's possession. *Compare supra*, [Doc. No. 56-1], *and* [Doc. No. 56-2, pp. 60–77], *with* [Doc. No. 58, pp. 8 – 13, ¶¶ 6, 13, 16–17, 19, 22, 25, 27–30]. In any case, the court concludes the information revealed in the Motion for Summary Judgment does not violate the terms of the protective order, which sought, among other things, to protect against disclosure of Petty's "confidential medical records." *See* [Doc. No. 37, p. 3, ¶ 4]; [Doc. No. 39, pp. 2, 6].[1,2] No such records were disclosed and Petty

---

[1] The text of the Protective Order appears only to extend to "trade secret or other confidential research, development, or commercial information." [Doc. No. 39, p. 2]. But the motion accompanying it references "confidential records of the [Oklahoma] Department of Human Services" and "confidential medical records" of Petty. [Doc. No. 37, pp. 2–3, ¶¶ 3–4].
[2] Yingling separately argues Petty failed to designate portions of the deposition testimony "on the record" as required by the Protective Order. Perhaps so. But the transcripts are marked

cannot now—after maintaining suit—prevent the disclosure of potentially sensitive information bearing on Oklahoma's decision to initiate a child welfare investigation.

WHEREFORE, Petty's Motion to Strike [Doc. No. 58] and Motion to Seal [Doc. No. 60] are denied.

IT IS SO ORDERED this 10th day of April, 2017.

_Gregory K. Frizzell_
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

"Confidential" or "Subject to Protective Order" [Doc. No. 65, p. 3] and the court need not resolve the import of that factual issue to adjudicate the Motion to Strike.